## Alfred S. Hillenbrand, Defendant in Error, v. Edythe Hillenbrand, Plaintiff in Error.

### Gen. No. 6,545.    (Not to be reported in full.)

Error to the Circuit Court of La Salle county; the Hon. EDGAR ELDREDGE, Judge, presiding. Heard in this court at the April term, 1918. Affirmed in part and reversed in part with directions. Opinion filed July 25, 1918.

### Statement of the Case.

Bill for a divorce by Alfred S. Hillenbrand, complainant, against Edythe Hillenbrand, defendant. A decree of divorce was entered in favor of complainant, granting the custody of the minor children to complainant and dismissing defendant's cross-bill. At the same term of court defendant moved to vacate the decree and to be allowed to be heard on the merits, which motion was overruled and defendant brings error.

H. M. KELLY, for plaintiff in error.

ARTHUR H. SHAY, for defendant in error.

MR. JUSTICE CARNES delivered the opinion of the court.

### Abstract of the Decision.

1. APPEAL AND ERROR, § 1268*—*when presumed chancellor knew whether case was properly called.* It must be presumed that the chancellor in an equity case knew whether the case was called under such conditions and circumstances as to require the counsel for defendant to act.

2. JUDGMENT, § 132*—*when discretion as to setting aside not disturbed.* A motion to set aside a default or judgment is addressed to the sound discretion of the court, and, unless it appears that the

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

discretion has been wrongfully and oppressively exercised, a reviewing court will not interfere.

3. Judgment, § 150*—*what must be shown on motion to set aside.* On a motion to set aside a default or judgment, a reasonable excuse must be shown for not having made the defense; both diligence and merit must be shown, and it must appear that neither defendant nor his attorney has been guilty of negligence.

4. Judgment, § 144*—*how affidavits in support of application to open construed.* Affidavits filed in support of an application to open a judgment are construed most strongly against the party making the application.

5. Judgment, § 148*—*hearing of counter-affidavits.* Counter-affidavits are properly heard on a motion to set aside a default or judgment.

6. Attorney and client, § 76*—*when client bound by lack of diligence of attorney.* Want of diligence on the part of an attorney in the handling of legal proceedings binds the client.

7. Divorce, § 17*—*what is not recriminatory defense to charge of adultery.* Extreme and repeated cruelty on the part of the husband is not a sufficient recriminatory defense to a charge of adultery.

8. Divorce, § 159*—*when decree denying wife privilege of visiting children modified.* A decree of divorce awarding the husband the exclusive care, custody, control and education of the children free from any interference by the wife should be modified so as to provide that the wife should have the privilege of visiting the children, and to fix terms and conditions for such visits.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.