Ottellia A. Schneider, Appellant, v. Walter G.
Schneider, Appellee.

Gen. No. 8,164.

Opinion filed January 25, 1928.

Hogan & Reese and John W. Coale, for appellant.

John W. Preihs and Carl H. Preihs, for appellee.

Mr. Presiding Justice Shurtleff delivered the opinion of the court.

Appellant, as complainant, presented her bill for a divorce from appellee to the circuit court of Christian county, which was based upon the grounds of extreme and repeated cruelty. Appellee answered the bill and upon leave of court presented his cross-bill for a divorce from appellant based, also, upon the grounds of extreme and repeated cruelty. Appellant answered the bill and the cause was set for trial after appellee had amended his cross-bill and charged appellant with adultery. The custody and support of a minor child, Jeannette Schneider, was also involved in the issues as to both bills. Appellant was represented by able and competent counsel.

Before the commencement of the trial there had been some conference between the parties and their counsel as to the subject of a property settlement and the support and custody of the child. It appears from the record that an accord was arrived at as to all such matters, and that appellant was to have the care and custody of the child from September first to June first of the following year of each year during the school period, with the right of visitation by the father, and that appellee was to have the care and custody of the daughter during the vacation period from June first to September first of each year, with the right of visitation by the mother. Appellee was to pay appellant the sum of 30 dollars per month for the support of the daughter and buy her clothing at an expense not to exceed $120 per year, and appellee also was to pay the necessary doctor's bills for the child.

Prior to the filing of this cross-bill, appellant had removed from the State of Illinois and with her daughter was living in the State of Missouri.

After the foregoing negotiations were carried out appellant, with the full knowledge and approbation of her counsel, withdrew her answer to the cross-bill, dismissed her original bill and sat inside the railing of the court while a default was taken against her and the proofs upon the cross-bill were presented to the court by appellee and his counsel. Appellee charges that appellant's counsel were also in court at that time, and from the court's statement in this proceeding it would appear that the charge is true. A decree was granted and the marriage dissolved, and the terms of the settlement approved by the court, although by the terms of the decree the court reserved the full power to modify or change the decree as to the support, care, custody and education of the minor child. The testimony offered at the hearing was not preserved in the record, but the court in the decree found the facts upon which the decree was based, and among other things

found, "Ottellia A. Schneider in the month of March, 1926, came into the place of business, used profane language and threatened to take the life of Walter G. Schneider. In June, 1926, Ottellia A. Schneider stabbed him with a blunt instrument, cutting a deep wound in the back; further and at a different place in June, 1926, Ottellia A. Schneider struck the complainant violent blows to the head; further at another different time, Othellia A. Schneider struck Walter G. Schneider about the body with a crutch, inflicting bodily bruises and injuries." This decree was entered April 26, 1927. Later, on June 13, 1927, through different counsel, appellant presented a petition by way of suggestion to the court, stating that said decree was entered as a result of negotiations and settlement as to property rights, and that as a result of said negotiations the petitioner did not appear, and that at said time she did not understand or have knowledge of the testimony which appellee proposed to produce against her, and that said testimony was not true in fact. The petitioner denied the allegations in the cross-bill and stated that the evidence heard in said cause was not true, and the petitioner asked leave to offer testimony in support of said motion. There was a motion to strike the petition, which was denied, and appellant was permitted to offer proofs in support of the motion. We have examined these proofs carefully. No attempt was made to establish the testimony heard on the original hearing or the names of the witnesses or their number. One of appellee's witnesses, William E. Eybel, was sworn and testified, but we are unable to determine how or in what manner his testimony was different from that on the original hearing. The petitioner did deny some of the facts as established by the decree.

We are much impressed by the statement of the court at the close of the hearing: "I don't believe the evidence produced here will warrant the Court in setting

116

aside the decree. The defendant in the cross-bill was represented by able and honorable counsel and she seems to have been fully advised as to what her rights were, and at the request of her counsel sat in the court room, inside the railing here, and heard the evidence adduced on the stand, which the Court thought at the time warranted the granting of the decree on the ground of extreme and repeated cruelty, and I have the impression that if the property settlement had been satisfactory this matter would not have been brought here." The motion was denied. The court saw the parties and the witnesses and was in a better position to exercise his discretion than this court could be, where none of the proceedings that took place are even in the record. It is not a question of the sanctity of the marriage relation or the public interest attaching to the same, but a mere matter of a reasonable excuse for setting aside a default and decree. No excuse of any kind is shown by the petitioner for vacating the decree and the court did not abuse its discretion in so holding. *Hillenbrand v. Hillenbrand*, 211 Ill. App. 624.

The judgment of the circuit court of Christian county is affirmed.

*Affirmed.*